TORRES, APPELLANT, *v.* REGISTRAR OF CAGUAS, RESPONDENT.

APPEAL from a Decision of the Registrar of Property Refusing to Record a Contract of Purchase and Sale.

No. 430.—Decided November 17, 1919.

RECORD OF TITLE—PURCHASE AND SALE—DEFERRED PAYMENT—EXTENT OF RIGHT TO BE RECORDED.—This case refers to a deed of purchase and sale of a prop-

erty executed on April 19, 1860, wherein it was stated that the sale was made, "but the vendor reserves to himself the direct ownership of the property until the total price is paid and the vendee, who forthwith takes charge thereof, agrees to allow Leopoldo Pérez to remain on the property until the end of May next." An appeal being taken from the decision of the registrar refusing to record the deed because in his opinion it does not conclusively show the extent of the right sought to be recorded. *Held:* that the clause transcribed whereby the vendor reserved the ownership of the property until the total payment of the price, is valid in law and does not void the contract although it might, in a certain event, give rise to its rescission; and that the clause stating that the vendee takes charge of the property determines the delivery thereof by the vendor, thus complying with an obligation resulting from the contract.

ID.—CIVIL STATUS OF PARTIES—CURABLE DEFECT.—The fact that the civil status of the vendee was not stated in the deed constitutes a curable defect.

The facts are stated in the opinion.
*Mr. Andrés Mena* for the appellant.
The respondent did not appear.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

By a deed executed in Barranquitas on April 19, 1860, Tomás Escalera sold to Gregorio Torres a property of 88.25 acres, situated in the ward of Cañabón of that municipality and described in the deed, for the sum of 900 *pesos,* the vendee agreeing to pay 160 *pesos* in cattle within fifteen days and the remainder at the rate of 160 *pesos* yearly from the date of the contract, except the last instalment which would amount to only 100 *pesos,* "the vendor reserving to himself the ownership title to the property until the whole amount is paid and the vendee, who forthwith takes possession of the property, agreeing to allow Leopoldo Pérez to remain on the property until the end of the following May."

The said deed having been presented in the Registry of Property of Caguas, the registrar refused to record it, according to his decision of July 21, 1919, for the reason that the deed "leaves room for some doubt as to the exact extent of the right sought to be recorded, inasmuch as the vendor reserves to himself the ownership title to the property and the vendee takes *possession* of the property, without stating

what is the right which is apparently conveyed," a cautionary notice having been entered for the period of one hundred and twenty days in favor of Gregorio Torres, with the curable defect that the civil status of the vendee is not shown.

That decision is before us for consideration by virtue of an appeal taken therefrom.

The deed in question contains all the elements of a contract of purchase and sale with a clause whereby the vendor reserves the ownership title to the property until the total purchase price is paid, and such a clause is valid in law and does not void the contract, albeit it might be a ground for the rescission of the contract. The other clause which gives the vendee possession of the property shows the delivery of the property by the vendor in compliance with an obligation resulting from the contract.

As the deed contains no substantial invalidating defect, subdivision 3 of article 20 of the Mortgage Law is applicable. It provides that the registrars may record, without the requisite of the previous record of the right of the person executing the conveyance or encumbrance or in whose name such conveyance or encumbrance is made, deeds executed by persons who may have acquired an interest in said property before the date on which the Mortgage Law became effective, provided that they establish their titles by authentic documents and that the same interest is not recorded in the name of any other person; but the record requested shall set forth the essential circumstances of such acquisition, which shall be taken from the documents necessary for this purpose.

The curable defect of failure to state in the deed the civil status of the vendee does exist and may be easily cured.

For the reasons stated the decision appealed from must be reversed and the record ordered with the curable defect pointed out in the said decision.

*Reversed.*

Justices del Toro and Aldrey concurred.

Justices Wolf and Hutchison took no part in the decision of this case.